IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DARYL F. FIELDS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-06-1265-HE |
| v. | ) | |
| | ) | |
| STATE OF OKLAHOMA, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing *pro se*, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Possession of Drug Paraphernalia entered in the District Court of Carter County, Case No. CM-2004-152, pursuant to a guilty plea. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B), and the Petition has been preliminarily reviewed pursuant to Rule 4, Rules Governing Section 2254 Cases in the United States District Courts. For the following reasons, it is recommended that the Petition be DISMISSED with prejudice upon filing.

Petitioner states in his Petition that he is confined at the Enid Correctional Center. However, Petitioner is not in custody serving a sentence for the conviction he is challenging in this Petition. With respect to the misdemeanor conviction he is challenging, Petitioner states that his only sentence for this conviction was a fine of approximately $300.00 imposed on August 19, 2005. Petitioner states that he did not appeal the conviction but he did seek post-

conviction relief in the district court in April 2006, alleging that he was denied effective assistance of counsel and subjected to an illegal search and seizure. Petitioner asserts these same two claims as grounds for habeas relief. Petitioner has attached to the Petition a copy of an order entered by the Oklahoma Court of Criminal Appeals ("OCCA") in which the OCCA declined to exercise jurisdiction over Petitioner's attempted post-conviction appeal because Petitioner had not complied with the appellate court's procedural rules governing the timely filing of an appeal in a post-conviction proceeding. Petition, att. 1 (<u>Daryl Fonzel Fields v. State of Oklahoma</u>, No. PC-2006-889 (Okla. Crim. App. Sept. 18, 2006)(Order Declining Jurisdiction and Dismissing Attempted Post-Conviction Appeal)).[1]

The pre-eminent issue raised by the face of the Petition is the issue of habeas jurisdiction. See <u>Oyler v. Allenbrand</u>, 23 F.3d 292, 293 (10th Cir. 1994)(recognizing court's duty to inquire into its own jurisdiction). The federal habeas statute provides a district court with authority to consider a petition brought by a person in custody pursuant to a state court judgment only on the ground that he or she is in custody in violation of the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2254(a). "The custody requirement of the habeas corpus statute is designed to preserve the writ of habeas corpus as a remedy for severe restraints on individual liberty." <u>Hensley v. Municipal Court, San Jose Milpitas Judicial Dist., Santa Clara County, California</u>, 411 U.S. 345, 351 (1973). Severe restraints are those which exceed the restraints "imposed by the State upon the public generally" and "impose[ ] conditions which significantly

---

[1] Petitioner has also attached to the Petition a copy of a correction order issued by the OCCA in October 2006 in which the OCCA states it had incorrectly identified Petitioner's criminal case as "CF-2004-152" in its prior order and that the correct district court number for Petitioner's criminal case is "CM-2004-152." Petition, att. 2.

confine and restrain [the individual's] freedom." Jones v. Cunningham, 371 U.S. 236, 242, 243 (1963). "A criminal defendant fined but not imprisoned is not suffering an ongoing punishment and may not attack his sentence under [the habeas] statutes." United States v. Keane, 852 F.2d 199, 202 (7th Cir. 1988)(citing Wright v. Bailey, 544 F.2d 737, 739 & n. 2 (4th Cir. 1976)(collecting cases), cert. denied, 434 U.S. 825 (1977)), cert. denied, 490 U.S. 1084 (1989). See Duvallon v. Florida, 691 F.2d 483, 485 (11th Cir. 1982)("Where, as here, the judgment of the state court imposes only a fine with no provision for incarceration, appellant's liberty is not restrained, she is not 'in custody' and her bare assertion of constitutional deprivation will not support federal court jurisdiction for § 2254 relief."), cert. denied, 460 U.S. 1073 (1983). See also Phelps v. Barbara, No. 97-3385, (10th Cir. Oct. 7, 1998)(recognizing "[c]ourts have generally held that a person sentenced only to a fine or restitution is not 'in custody' within the meaning of the habeas statute" and affirming dismissal of petition challenging state court judgment imposing court costs and restrictions on petitioner's ability to practice law as not sufficient consequences to constitute custody), cert. denied, 525 U.S. 1146 (1999); Hayes v. Maynard, No. 91-5083, 1991 WL 240112, *2 (10th Cir. Nov. 15, 1991)(unpublished op.)("While the 'in custody' requirement as interpreted does not in fact require physical detention in all cases, it is not satisfied when one is merely ordered to pay money.")(internal citation omitted). Consequently, this Court is without jurisdiction to consider the merits of Petitioner's Petition challenging his misdemeanor conviction for which only a fine, and no present or future custodial sentence, was imposed as punishment. The Petition should therefore be dismissed

with prejudice for lack of jurisdiction.[2]

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DISMISSED with prejudice. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by ___January 2nd___, 2007, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this ___11th___ day of ___December___, 2006.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE

---

[2]Petitioner has not sought relief under the civil rights statutes, 42 U.S.C. §§ 1983 and 1988. Even if his Petition could be construed to assert such a challenge, the cause should be dismissed on the same basis. See Van Sickle v. Holloway, 791 F.2d 1431, 1436 (10th Cir. 1986)("A federal district court does not have the authority to review final judgments of a state court in judicial proceedings; such review may be had only in the United States Supreme Court. Federal district courts do not have jurisdiction over challenges to state-court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional.").